BYBEE, Circuit Judge, concurring in
part and dissenting in part:
I agree with the panel in every respect save one: I would hold that EPA’s determination that Sundt Unit 4 is BART-eligible was arbitrary and capricious. On that issue, I must dissent.
Section 169A of the Clean Air Act and the Regional Haze Rule both state that only sources “in existence on August 7, 1977” are BART-eligible. 42 U.S.C. § 7491(b)(2)(A); 40 C.F.R. § 51.301. In the BART Guidelines, EPA explained that the “‘in existence’ test[] applies] to reconstructed sources,” which “are treated as new sources as of the time of the reconstruction.” 40 C.F.R. pt. 51, app. Y, § II.A.2. Thus, a source constructed before 1962 but reconstructed between 1962 and 1977 would be BART-eligible. “Similarly,” EPA explained, “any emissions unit for which a reconstruction ‘commenced’ after August 7, 1977, is not BART&emdash;eligible.” Id. This is a cogent interpretation of Section 169A and the Regional Haze Rule, and on this interpretation, Sundt Unit 4&emdash; which was reconstructed after August 7, 1977&emdash;is not BART-eligible.
*707 EPA now contends, however, that a source reconstructed after August 7, 1977, is only exempted from BART if it went through Prevention of Significant Deterioration (PSD) permitting, which the Clean Air Act requires for sources constructed or modified after that date. See 42 U.S.C. § 7475(a). EPA says that this requirement is necessary in order to give effect to Congress’s intent, in enacting the Clean Air Act, that all sources be subject either to BART (if constructed or reconstructed before August 7, 1977) or to PSD (if constructed or reconstructed after that date).
The problem with EPA’s argument is that Sundt Unit 4 was exempted from PSD permitting by a separate act of Congress — the Power Plant and Industrial Fuel Use Act of 1978 — that operated independently from the Clean Air Act. The Fuel Use Act gave the Department of Energy the authority to require utilities to convert oil- or natural gas-powered generating stations to burn coal as a means of reducing America’s dependence on imported oil. Arizona Blue Br. 31. The Fuel Use Act exempted units that were ordered to be converted from PSD permitting in order to facilitate their speedy conversion. Id. at 32 (citing 42 U.S.C. § 7411(a)(8) and 40 C.F.R. § 60.14(e)(4)). Sundt Unit 4 was reconstructed in 1987 pursuant to the Fuel Use Act — in fact, it appears to have been the only power plant in the country that was ordered to be reconstructed under the FUA.
We thus have two statutory schemes in play and must give effect to both. The Clean Air Act, as interpreted through EPA’s Guidelines, excluded sources constructed or reconstructed after August 7, 1977, from BART, on the expectation that they would be subject to PSD instead. A separate statute, the Fuel Use Act, subsequently exempted Sundt Unit 4 from PSD. The unit’s exemption under the Fuel Use Act is independent of its status under the Clean Air Act: as amicus Tucson Electric Power Company puts it, “Sundt Unit 4’s exemption from PSD [in the Fuel Use Act] does not change the fact that, for purposes of the [Clean Air Act] and its visibility program, Sundt Unit 4 came into existence in 1987.” EPA thus cannot point to Sundt Unit 4’s exemption from PSD as a reason why. Sundt Unit 4 should be considered BART-eligible.
The majority upholds EPA’s determination by pointing out that Section 169A and the Regional Haze Rule are ambiguous on the question whether a source in Sundt Unit 4’s unique situation is BART-eligible and then adverting to Auer and Chevron deference. But I cannot go along with that reasoning. EPA’s litigation position concerning Sundt Unit 4 is not a reasonable interpretation of the Clean Air Act and the Regional Haze Rule; EPA is simply seeking a sui generis exception to the general BART-eligibility framework found in the Act and the Rule in order to prevent Sundt Unit 4 from, as EPA’s brief puts it, “escap[ing] both PSD review and a BART analysis.” We need not and should ■ not defer to such ad-hoc reasoning.
I respectfully dissent.